UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES McCONICO, JR., | ) |
| Petitioner, | ) |
| v. | ) Case No. 2:25-cv-00174-RDP-JHE |
| STEVEN MARSHALL, et al., | ) |
| Respondents. | ) |

## **MEMORANDUM OPINION**

Petitioner James McConico, Jr., filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). On February 11, 2025, the Magistrate Judge entered a Report and Recommendation recommending dismissal of the petition based on the court's lack of jurisdiction. (Doc. 4). Specifically, the Magistrate Judge concluded that under 28 U.S.C. § 2244(b)(3)(A), the court's dismissal of Petitioner's prior petition deprives the court of jurisdiction to consider Petitioner's successive petition absent authorization from the Eleventh Circuit Court of Appeals.[1] (Doc. 4). Petitioner has filed timely objections to the Magistrate Judge's Report and Recommendation. (Doc. 5).

In his objections, Petitioner contends he is not challenging his 1999 conviction in the Circuit Court of Jefferson County for murder. (Doc. 5 at 2). He states that the circuit court "never had jurisdiction to deprive him of his [l]iberty," and therefore violated his constitutional right to due process by subjecting him to criminal proceedings. (Doc. 5 at 2). Petitioner states he merely

---

[1] *See McConico v. Hooks*, No. 2:03-cv-3189-CLS-RRA (N.D. Ala. Nov. 30, 2007), Docs. 107, 108.

requests that this court order the circuit court to investigate whether "his [l]iberty has been taken without jurisdiction on a void judgment." (Doc. 5 at 2).

Regardless of Petitioner's attempts to couch his claims, it is clear that he challenges the validity of his current incarceration based on his 1999 murder conviction in the Jefferson County Circuit Court (Doc. 1). *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus). Because Petitioner's prior petition was dismissed on the merits, he must obtain authorization from the Eleventh Circuit to bring a second or successive petition. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Petitioner does not contend that he has obtained such authorization. And, there is no indication that he has. Accordingly, Petitioner's objections (Doc. 5) are **OVERRULED**.[2]

After careful consideration of the record in this case and the Magistrate Judge's Report and Recommendation, and Petitioner's objections (Doc. 5), the court **ADOPTS** the Report and **ACCEPTS** the recommendation. Consistent with that recommendation, the court finds that the petition for a writ of habeas corpus (Doc. 1) is due to be dismissed based on the court's lack of jurisdiction under 28 U.S.C. § 2244(b)(3)(A). Because this matter will be dismissed as successive, a ruling on a certificate of appealability is not required. *See Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 n.3 (11th Cir. 2020).

A Final Order will be entered.

---

[2] Alacourt documents confirming Petitioner's conviction and sentence dates were inadvertently omitted from the Report and Recommendation. *See* Doc. 4 at 1 n.1. However, Petitioner does not dispute those dates in his objections. (Doc. 5). The documents will be attached to the Memorandum Opinion and Final Order.

**DONE** and **ORDERED** this March 4, 2025.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE